<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-2178**

In Re: RAYFORD KNIGHT, a/k/a Cherokee, a/k/a Chief,

                Petitioner.

On Petition for Writ of Mandamus.  (1:93-cr-00022-BEL-1)

Submitted:  May 6, 2008              Decided:  May 28, 2008

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Rayford Knight, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rayford Knight petitions for a writ of mandamus, asserting the district court has unduly delayed acting on a "Motion to Clarify Sentence" he claims to have filed in October 2006. He seeks an order from this court directing the district court to act on the motion. Our thorough review of the district court's docket sheet reveals that the only motion filed by Knight in October 2006 was a motion for return of property. Knight's two prior mandamus petitions seeking an order compelling the district court to act on that motion were denied as moot because the district court had already acted on the motion. See In Re: Knight, 253 F. App'x 249 (4th Cir. 2007) (No. 07-4684), amended (4th Cir. Dec. 13, 2007) (unpublished order correcting typographical error);[*] In Re: Knight, 242 F. App'x 908 (4th Cir. 2007) (No. 07-4202). Because there was no "Motion to Clarify Sentence" filed in the district court and this court has already denied as moot two prior mandamus petitions seeking district court action on the only motion Knight filed in October 2006, we dismiss as frivolous Knight's instant petition for writ of mandamus. We also deny Knight's application for leave to proceed in forma pauperis. We dispense with oral argument because

_____

[*]In case No. 07-4684, Knight petitioned for a writ of mandamus compelling the district court to act on a motion for release he claimed he filed in October 2006. Because the only motion Knight filed in October 2006 was a motion for return of property, we liberally construed Knight's mandamus petition as referring to that motion. Knight did not challenge this characterization in his rehearing petition in that case.

- 2 -

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DISMISSED</u>